IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN RAY GALLEGOS,

    Plaintiff,

v.                                                                          CIV 16-1193 KBM

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security Administration,

    Defendant.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (*Doc. 17*) filed on May 29, 2017. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 6, 8, 9.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted in part.

**I.**    **Procedural History**

This is Plaintiff's second appeal. On July 29, 2011, Mr. Steven Gallegos (Plaintiff) protectively filed applications with the Social Security Administration for a period of disability and disability insurance benefits under Title II of the Social Security Act (SSA), and for Supplemental Security Income under Title XVI of the SSA. Administrative

---

[1] Effective January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Record[2] (AR) at 29, 94-117. Plaintiff alleged a disability onset date of March 1, 2010. AR at 94, 505. Because Plaintiff's earning record showed that he had "sufficient quarters of coverage to remain insured through September 30, 2010[,]" Plaintiff was required to "establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." *See* AR at 29.

Disability Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 150-57) and on reconsideration (AR at 120-47). Plaintiff requested review, and, after holding a *de novo* hearing (AR at 48-93), Administrative Law Judge (ALJ) Barry O'Melinn issued an unfavorable decision on June 23, 2014 (AR at 26-47). The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

Plaintiff appealed ALJ O'Melinn's decision to this Court. *See Gallegos v. Colvin*, CV 15-0148 WPL, Compl. (D.N.M. Feb. 20, 2015). The Honorable William P. Lynch issued a Memorandum Opinion and Order reversing ALJ O'Melinn's decision on March 7, 2016. *See id.*, Mem. Op. & Order (D.N.M. Mar. 7, 2016). Thereafter, the Appeals Council vacated the decision of ALJ O'Melinn and remanded the case "for further proceedings consistent with the order of the court." AR at 630.

On May 11, 2016, ALJ Raul C. Pardo held a second *de novo* hearing. AR at 531-93. ALJ Pardo then issued a partially favorable decision on June 30, 2016, finding that Plaintiff was not disabled before October 31, 2011, but was disabled thereafter. AR at

---

[2] Document 12-1 contains the sealed Administrative Record. *See Doc. 12-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

501-30. There is no evidence that Plaintiff asked the Appeals Council to review ALJ Pardo's decision, so the ALJ's decision became the final decision of the Commissioner 60 days after June 30, 2016. *See* AR at 502. Plaintiff then filed a suit in this Court seeking remand for a rehearing or an immediate award of benefits. *Doc. 1*.

## II. Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2

3

(D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[3] ALJ Pardo found that Plaintiff "has not engaged in substantial gainful activity since the alleged onset date." AR at 508 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that "[s]ince the alleged onset date of disability, March 1, 2010, Plaintiff has had the following severe impairments: Diabetes mellitus with peripheral neuropathy, anxiety, borderline intellectual functioning, and obesity . . . ." AR at 508. "Beginning on the established onset date of disability, October 31, 2011," the ALJ found Plaintiff had all of the above severe impairments, as well as mild depression. AR at 508 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

At Step Three, the ALJ found that since his "alleged onset date of disability, March 1, 2010," Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 509 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). In making his determination, ALJ Pardo considered listings 11.14 (Peripheral Neuropathies), 12.04 (affective disorders),

---

[3] ALJ Pardo first found that Plaintiff "meets the insured status requirements of the Social Security Act through September 30, 2010." AR at 508.

4

12.05 (Intellectual Disability), 12.06 (anxiety related disorders), listings in 9.00 (Endocrine systems), and listings in 11.00 (Neurological System). AR at 509.

At Step Four, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" the ALJ did not find Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms . . . fully supported prior to October 31, 2011 . . . ." AR at 512. The ALJ considered the evidence of record, including records from Plaintiff's primary care physician, Melanie Ukanwa, M.D., emergency room and hospital records, consultative examinations with physician Laura Hammons, M.D. (one in 2012, a second in 2013), psychologist David LaCourt, Ph.D., and psychiatrist Paul Hughson, M.D., records from vascular surgeon Steve Henao, M.D., a third-party function report from Plaintiff's wife, a third-party statement from Plaintiff's daughter, and testimony from the Plaintiff. AR at 512-21.[4]

ALJ Pardo found that "[s]ince March 1, 2010, [Plaintiff] has been unable to perform any past relevant work." AR at 521 (citing 20 C.F.R. §§ 404.1565, 416.965). Ultimately, the ALJ found that

> prior to October 31, 2011, the date [Plaintiff] became disabled, [Plaintiff] had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally lift ten pounds and frequently lift less than ten pounds. He can occasionally carry ten pounds and frequently carry less than ten pounds. Sit: Six hours; Stand: Two hours; Walk: Two hours. Push/pull: As much as can lift/carry. No overhead reaching with the right upper extremity. Frequent handling with right upper extremity. No lifting with right upper extremity higher than chest level. Occasional climbing ramps and stairs. No climbing ladders, ropes,

---

[4] The Court notes an error in the ALJ's decision on page 521 of the Administrative Record, which begins in the middle of a sentence; yet page 520 ends with a period at the close of a sentence. AR at 520-21. It appears that a portion of the ALJ's decision was inadvertently omitted.

5

> or scaffolds. Occasional stooping. Limited to performing simple, routine tasks. Occasional exposure to the public. Time off task can be accommodated by normal breaks.

AR at 512. The ALJ found that beginning on October 31, 2011, Plaintiff retained this same RFC with one exception: the last sentence regarding "time off task" is omitted and replaced with "Expected to be absent from work 2 days a month due to pain and need to rest." AR at 514. This change is based on testimony from the vocational expert (VE), Ms. Diane Webber. *See* AR at 584-92.

The ALJ stated that he "asked [a] vocational expert whether jobs exist in the national economy for an individual" like Plaintiff with the two different RFCs—one prior to October 31, 2011, and the other beginning on that date. AR at 522. Prior to October 31, 2011, when Plaintiff's "[t]ime off task can be accommodated by normal breaks[,]" the VE testified that an individual with Plaintiff's RFC "would have been able to perform the requirements of representative occupations such as final assembler, optical; [and] table worker spotter." AR at 522, 588-90. Consequently, the ALJ found that "[p]rior to October 31, 2011, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." AR at 521 (citing 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, 416.969a).

"Beginning on October 31, 2011," however, when Plaintiff would be "[e]xpected to be absent from work 2 days a month due to pain and need to rest" (AR at 522), the VE testified that such an accommodation is "not acceptable by competitive employers" (AR at 590). The ALJ found, therefore, that beginning on October 31, 2011, "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can

perform." AR at 522 (citing 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966). The ALJ concluded that Plaintiff became disabled on October 31, 2011. AR at 522 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even

7

though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

IV. **Discussion**

Plaintiff asserts two discrete issues in his Motion. First, he argues that ALJ Pardo did not comply with Judge Lynch's instructions on remand. *Doc. 17* at 9-11. Second, Plaintiff alleges that ALJ Pardo failed to include Plaintiff's mental functional limitations in his RFC. *Id.* at 11-14. The Court agrees with Plaintiff's second argument and will remand this case for further proceedings.

A. **ALJ Pardo adequately assessed Dr. Hughson's opinion.**

Plaintiff asserts that ALJ Pardo did not comply with Judge Lynch's order to "apply the factors in 20 C.F.R. §§ 404.1527(c) and 416.027(c) when evaluating Dr. Hughson's opinion and crafting his mental RFC." *Doc. 17* at 10 (quoting *Gallegos*, CV 15-0148 WPL, Mem. Op. & Order at 11). Plaintiff alleges that the ALJ did not evaluate the opinion of Dr. Hughson "at all," thus the ALJ violated the "mandate rule." *Id.* As the Commissioner points out, however, ALJ Pardo did *some* kind of evaluation of Dr. Hughson's opinion, as he gave it "significant weight." *See Doc. 19* at 8-9; *AR* at 520.

"When considering the weight of non-treating sources, the ALJ must consider" the factors as laid out in 20 C.F.R. § 404.1527(c) and § 416.927(c). *See Dingman v. Astrue*, No. 08-cv-02175-PAB, 2010 WL 5464301, at *4 (D. Colo. Dec. 29, 2010) (citation omitted). "If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it." *Id.* (quoting *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 416.927(f)(2)(ii))). The factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotations omitted).

With respect to the first and fifth factors, ALJ Pardo noted that Plaintiff saw Psychiatrist Dr. Paula Hughson, M.D. one time "[a]t the request of the State agency . . . on March 6, 2013." AR at 516 (citing AR at 430-41). With respect to the second factor, ALJ Pardo thoroughly summarized Dr. Hughson's examination of Plaintiff and her findings. AR at 516. With respect to the third factor, ALJ Pardo gave Dr. Hughson's opinion ***significant*** weight because he believed the opinion is "supported by the hospital records and Dr. Ukanwa's records[,]" and because it supports Dr. LaCourt's opinion, to which the ALJ also gave significant weight. AR at 520.

ALJ Pardo's assessment was scant, but it was not so minimal that it constitutes reversible error. The reversible error comes from the ALJ's failure to address all of the limitations Dr. Hughson and Dr. LaCourt opined, as discussed in the next section.

### B.    ALJ Pardo failed to address all of the limitations opined by Drs. LaCourt and Hughson.

Plaintiff next argues that the ALJ, without explanation, ignored some of the limitations opined by both Dr. Hughson and Dr. LaCourt, despite the fact that the ALJ gave the opinions of both doctors significant weight. *Doc. 17* at 11-14; *see also* AR at 520.

Dr. Hughson found that Plaintiff has marked limitations in understanding and remembering detailed or complex instructions, and in his ability to carry out instructions; moderate to marked limitations in his ability to attend and concentrate, and to work without supervision; moderate limitations on his ability to understand and remember very short simple instructions, to interact with the public, to adapt to changes in the workplace, and to use public transportation or travel to unfamiliar places; and mild limitations in the remainder of the abilities listed on the worksheet. AR at 440.

Dr. LaCourt found Plaintiff has moderate limitations in his abilities to: understand and remember detailed/complex instructions, sustain concentration/task persistence for carrying out instructions, work without supervision, socially interact with coworkers, task impersistence/frequent breaks, and use public transportation/travel to unfamiliar places. AR at 427-28.

"Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Soc. Sec. R., SSR 96-8p, Titles II & XVI: Assessing [RFC] in Initial Claims, 1996 WL 374184, at *6 (July 2, 1996). In the RFC, ALJ Pardo limited Plaintiff "to performing simple, routine tasks" and only "occasional exposure to the public." AR at 512, 514. He also noted that Plaintiff's "[t]ime off task can be accommodated by normal breaks" prior to October 31, 2011, and Plaintiff would be "[e]xpected to be absent from work 2 days a month due to pain and need to rest" beginning on October 31, 2011. AR at 512, 514. The Court finds the limitations in these RFCs do not adequately account for, at a minimum, Dr.

Hughson's opinion regarding a marked limitation on Plaintiff's ability to carry out instructions and a moderate limitation on his ability to understand and remember very short simple instructions, or Dr. LaCourt's opinion regarding the moderate limitation on Plaintiff's ability to interact with coworkers. AR at 428, 440. Because "[a] limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments[,]" the ALJ erred in failing to account for these limitations in the RFC or explain why he discounted them. *Jaramillo v. Colvin*, 576 F. App'x 870, 874-75 (10th Cir. 2014) (quotation omitted).

As the Tenth Circuit noted in *Jaramillo*, "a moderate impairment is not the same as no impairment at all." *Jaramillo*, 576 F. App'x at 876 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). "Instead, it 'supports the conclusion that the individual's capacity to perform the activity is impaired[,]' . . . and therefore must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding." *Jaramillo*, 576 F. App'x at 876 (quoting POMS DI 24510.063 B.2). Because ALJ Pardo did not express these "impairments 'in terms of work-related functions' or '[w]ork-related mental activities,'" his reliance on the jobs the VE identified is not supported by substantial evidence and requires reversal. *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *6; subsequent citations omitted). The Court will grant Plaintiff's Motion on this issue. *See id.*

Also troubling to the Court is the ALJ's treatment of the opinion of Plaintiff's treating physician, Dr. Ukanwa. ALJ Pardo gave Dr. Ukanwa's opinion controlling weight, finding it is well supported and noting that "**Dr. Ukanwa is in the best position to identify the effects [Plaintiff's] mental and physical limitations have on his**

11

**ability to perform work**." AR at 520 (emphasis added). Pages earlier in his opinion, ALJ Pardo noted that as early as *July 7, 2011*, the ALJ would "find it reasonable to conclude Dr. Ukanwa did not consider [Plaintiff] capable of working." AR at 513 (discussing AR at 982). Despite this specific finding, ALJ Pardo went on to conclude that jobs still existed that Plaintiff could have performed through *October 31, 2011* – more than three months after this significant appointment with Dr. Ukanwa. *See* AR at 521.

The ALJ provides no sufficient explanation anywhere in his opinion for why he chose October 31, 2011, as the date Plaintiff became disabled. Plaintiff was hospitalized on October 31, 2011, for treatment of "uncontrolled diabetes," and ALJ Pardo noted Dr. Ukanwa's "strong[] caution [to Plaintiff's] caregivers that [Plaintiff] was in danger of dying if he did not adopt a healthy life plan that would enable him to control his blood sugars." AR at 514 (discussing AR at 365).

ALJ Pardo also mentioned, however, that Dr. Ukanwa saw Plaintiff on July 7, 2011, for "uncontrolled diabetes." AR at 513 (discussing AR at 978-81). Dr. Ukanwa's July 7, 2011 treatment notes reflect that Plaintiff had "no self-managing skills to manage [his] diabetes care." AR at 980. Dr. Ukanwa was so concerned about Plaintiff's health that on that date, she "wrote a letter requesting home health assistance for" him for six hours per day, five days per week. AR at 513 (discussing AR at 982). The ALJ mentioned that Dr. Ukanwa "thought [Plaintiff] needed help to complete his most basic daily activities." AR at 513.

The Court acknowledges that the October 31, 2011 hospitalization was more serious than the notes from the July 7, 2011 appointment. However, it is completely

unclear from the ALJ's opinion why the ALJ decided that Plaintiff was still capable of working on July 7, 2011, when on that date, his primary care physician – whose opinion the ALJ held in such high regard – found that Plaintiff needed 30 hours of home healthcare each week because he "had trouble walking[,]" was unable to manage his "most basic daily activities[,]" and was experiencing other serious health problems due to his diabetes mellitus. AR at 513 (discussing AR at 978-86).

The Court will remand this case for clarification and consideration of the two issues discussed in this section.

### V.    Conclusion

The Court finds that this case should be remanded for the ALJ with instructions to: (1) consider each of the moderate and marked limitations opined by Drs. Hughson and LaCourt and either incorporate them into Plaintiff's RFC or explain why they are not; and (2) make explicit findings, sufficient for review, regarding when Plaintiff's impairments became disabling. If the ALJ finds that the October 31, 2011 date is still valid, the ALJ shall support that finding with record evidence.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (*Doc. 17*) is **granted** in part. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will enter concurrently herewith.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent